

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

May 24, 2016

<u>By CM/ECF</u>

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re: *United States* v. *Hussain (Barrett)*,
           Docket No. 14-2641
           Argument date: January 22, 2016
           Panel: Raggi, Droney, Winter, C.JJ.

Dear Ms. Wolfe:

      The Government respectfully submits this letter, pursuant to Federal Rule of Appellate Procedure 28(j), to inform this Court of *United States* v. *Howard*, Docket No. 15-10042 (9th Cir. May 23, 2016) (unpublished), which held that a Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), also known as the "force clause" or "elements clause" of Section 924(c).[1] If followed, *Howard* would resolve an issue in this appeal.

      In particular, the Ninth Circuit rejected one of the arguments raised by Barrett in this case: that, "because Hobbs Act robbery may also be accomplished by putting someone in 'fear of injury,' . . . it does not necessarily involve 'the use, attempted use, or threatened use of physical force.'" *United States* v. *Howard*, Slip. Op. at 2 (citations omitted); *compare* Docket Entry 121 at 4 ("An unlawful taking that is accomplished through the threat of injury may constitute such a robbery even though violent physical force is not involved."). The Ninth Circuit analogized the federal bank robbery statute—18 U.S.C. § 2113(a)—which "may be violated by 'force and violence, or by *intimidation*,'" and explained that "'intimidation' means willfully 'to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*,' which satisfies the requirement of a 'threatened use of physical force.'" *Id.* at 3 (citing *United States* v. *Selfa*, 918 F.2d 749, 751 (9th Cir. 1990); U.S.S.G. § 4B1.2 (emphasis in *Howard*)). Accordingly, "Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence." *Id.* Like the Ninth Circuit, this Court has specifically held that Section 2113(a)— the federal bank robbery statute—qualifies as a "crime of violence" pursuant to Section 924(c)(3)(A). *Johnson* v. *United States*, 779 F.3d 125, 128-29 (2d Cir. 2015).

---

[1] A copy of *Howard* is attached.

Catherine O'Hagan Wolfe
May 24, 2016
Page 2 of 2

     Following *Howard*—the only Court of Appeals opinion addressing the issue—this Court should affirm Barrett's § 924(c)/(j) convictions in Counts Four and Six/Seven because they were predicated on Hobbs Act robberies, which qualify as predicate crimes of violence pursuant to § 924(c)(3)(A).

                                                       Respectfully submitted,

                                                       PREET BHARARA
                                                       United States Attorney

By:    */s/ Michael D. Maimin*
                                                       Michael D. Maimin
                                                       Assistant United States Attorney
                                                       Tel: (914) 993-1952

cc:     Kelley J. Sharkey, Esq. (via CM/ECF)